## Commonwealth v. Orlick

*William B. McClenachan, Jr.*, district attorney, and *Clement J. McGovern*, assistant district attorney, for Commonwealth.

*Thomas A. Curran*, for defendant.

BROOMALL, J., April 24, 1936.—The certiorari in this case, directed to John M. Hauger, a justice of the peace in and for the Borough of Sharon Hill, this county, concerns the arrest of defendant on view by a police officer of said borough on Sunday, October 13, 1935, at about 12:15 p.m., for passing a traffic light in said borough in

violation of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751. At a hearing the same day, defendant stated that his wife advised him that he had driven by the light, which he had not noticed due to its location. He protested his arrest, was adjudged guilty by the justice of the peace, and was fined $5 and costs of $2.25, which he paid under protest.

The entire proceedings involving defendant, including his arrest by an officer of the borough and subsequent immediate hearing before the justice of the peace, with payment of fine and costs against his protest, are void and must be set aside.

October 13, 1935, was a Sunday. In Commonwealth v. Sherman et al., 14 D. & C. 4, Lewis, J., in an able opinion covering Sunday sports and issuance and service of legal process on Sunday, citing from our appellate courts, reaches the following pertinent conclusions (quoting from the syllabus at page 5) :

"16. Under the Act of Jan. 12, 1705, §4, 1 Sm. Laws, 25, no arrest may be made on Sunday on a warrant or process issued for other than treason, felony or breach of the peace, and arrests without warrant are similarly restricted; the act does not authorize the arrest without warrant on Sunday of any person who could not thus lawfully be arrested on any other day of the week.

"17. An arrest on Sunday without a warrant, for an offense other than a breach of the peace, is unauthorized and unlawful, and the whole proceeding is, therefore, without effect and void. . . .

"19. A breach of the peace is a disturbance of public order by an act of violence or one likely to produce violence or which, by inciting terror or fear, disturbs the peace and quiet of the community."

And now, to wit, April 24, 1936, the findings of the justice of the peace are reversed and set aside.

From William R. Toal, Media.